UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK JORDAN                              :
      Petitioner                    :
                                    : CIVIL NO. 1:12-CV-883
      v.                            :
                                    :  (Judge Caldwell)
WARDEN RONNIE HOLT,                      :
      Respondent                    :

## M E M O R A N D U M

I.  *Introduction*

Petitioner, Mark Jordan, a federal inmate at USP-Allenwood, in White Deer, Pennsylvania, filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his petition, Jordan alleges that the Bureau of Prisons (BOP) is improperly forcing him to participate in the Inmate Financial Responsibility Program (IFRP or program) as a means of collecting his court imposed fines and restitution. Jordan also seeks leave to proceed *in forma pauperis*. The latter request has been mooted by Petitioner's payment of the $5.00 filing fee. As to the petition, we will dismiss it under the authority of Rule 4 of the Rules Governing Section 2254 Cases.[1]

---

[1] Rule 4 provides that upon preliminary consideration by the district court, "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of these Rules gives the court authority to apply the section 2254 rules to other habeas corpus cases.

II. *Background*

Jordan has a conviction in the Eastern District of Pennsylvania for bank robbery and one in the District of Colorado for second-degree murder. (Doc. 1 at ECF p. 2).[2] In both cases, he was ordered to pay restitution, and in one case he was directed to pay a $1,000 fine. (*Id.*) Both courts failed to set a schedule for the timing or amount of his payments but rather directed that payment be made "immediately." (*Id.*)

In March 2012, Jordan agreed to participate in the IFRP program "under duress and threat of . . . sanctions." (*Id.*)[3] Jordan made his first payment in March of 2012, with his next payment due in June. (*Id.*) He states he has "no intention of paying, instead suffering the sanctions." Jordan points to certain privileges and opportunities the BOP can withdraw if he does not participate in the IFRP: "ineligibility for furlough, withdraw of paygrade eligibility, bonus pay, and vacation pay, ineligibility for UNICOR, and a restricted commissary spending limitation of $25." (Doc. 1, Pet. at p. 2). Jordan seeks injunctive relief prohibiting the BOP from forcing him to participate in the IFRP, or from otherwise scheduling the timing and amount of his payments toward court imposed criminal fines or restitution.

---

[2] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

[3] *See Inmate Financial Responsibility Program*, 28 C.F.R. § 545.11, also available at http://www.bop.gov/policy/progstat/5380_008.pdf.

III.  *Discussion*

Jordan's petition is a challenge to the BOP's execution of his sentence and thus is properly brought pursuant to § 2241.  *See McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010); *Duronio v. Werlinger*, 454 F. App'x 71, 73 (3d Cir. 2011) (nonprecedential).

The challenge has no merit.  Jordan does not allege that the BOP is confiscating money from his prison account without his authorization.  He affirms that he voluntarily entered the program.  As such, he can withdraw from the IFRP, as he says he will.  However, the consequences of that decision, while perceived by Jordan as a "sanction," are simply disincentives imposed by the BOP to those unwilling to take responsibility for their financial obligations.  The so-called sanctions only impact Jordan's access to privileges, and do not violate any constitutional or other legal rights.  *See Duronio v. Gonzales*, 293 F. App'x 155, 157 (3d Cir. 2008) (nonprecedential) ("While being in the 'IFRP Refuse' category denies a prisoner certain privileges, it does not result in the imposition of discipline that would trigger a constitutionally protected interest."); *see also Werlinger, supra,* 454 F. App'x at 74 n.4 ("Duronio ha[s] no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level.") (internal citation omitted).

In sum, Petitioner cannot claim duress merely from being faced with the choice of either meeting his financial responsibilities or losing privileges associated with participation in the IFRP.

We will issue an appropriate order.[4]

       /s/ William W. Caldwell
William W. Caldwell
United States District Judge

May 23, 2012

---

[4] Petitioner also invokes the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, but that act does not apply to the IFRP. *Geiger v. Federal Bureau of Prisons*, 487 F. Supp. 2d 1155, 1158-59 (C.D. Cal. 2007)(collecting cases).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK JORDAN            :
    Petitioner     :
                   : CIVIL NO. 1:12-CV-883
  v.                   :
                   :   (Judge Caldwell)
WARDEN RONNIE HOLT,    :
    Respondent     :

*O R D E R*

Accordingly, this 23rd day of May, 2012, it is hereby ordered that:

  1.  Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 2) is dismissed as moot as he has paid the $5.00 filing fee.

  2.  The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED.

  3.  The Clerk of Court shall close this file.


                          /s/ William W. Caldwell
                          William W. Caldwell
                          United States District Judge